## Philip W. Noyes

### v.

## The Order of United Commercial Travelers of America

[215 A.2d 495]

October Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J.J.**

Opinion Filed December 7, 1965

*Wallace C. Schinoski and Parker, Ainsworth & Richards* for plaintiff.

*Fitts and Olson* for defendant.

**Keyser, J.** The plaintiff is the beneficiary of a certificate of insurance issued to Clarence E. Noyes by The Order of the United Commercial Travelers of America, a fraternal beneficial order.

The insurance certificate was merely an accident insurance agreement. It provided that the rights and benefits were controlled by the provisions of defendant's constitution of the order in force and effect at the time of the accident. The provision pertinent to the question presented by this appeal contained in Article XI of such constitution relating to insurance is section 17. The relevant portion of this section reads as follows:

Article XI, Section 17.

"Nor shall the Order be liable to any person for any benefits for death . . . , by reason of any of the following conditions, whether caused by accidental means or not, to-wit: any infection (unless the infection is introduced into, by or through an open wound, which open wound must be caused by external, violent and accidental means and be visible to the unaided eye) . . . ."

This provision constitutes a part of the contract which the parties made and by which their rights are to be measured and determined.

The theory of the plaintiff is that the defendant is liable for the death benefit of $5000, under a different provision of the constitution for the reason that Clarence E. Noyes died from personal injuries sustained solely through accidental means, independently and exclusively of disease and all other causes. The defendant denies liability on the ground that death resulted from an infection. It asserts death of the assured was not occasioned "alone and independent of all other causes" and further urges that this fact brought the case within the exclusion under the exemption clause in section 17, supra.

The case was tried by jury. At the conclusion of plaintiff's evidence the court granted defendant's motion for a directed verdict and entered judgment for defendant from which action the plaintiff appealed.

There is no dispute as to the facts. The certificate for Class A insurance providing for disability and death benefits resulting from accidental means was issued by the defendant to its member, Clarence E. Noyes, on February 7, 1921. In the early morning of September 2, 1963, Mr. Noyes then 89 years old, fell to the floor in his bedroom of his son's (the plaintiff's) home where he was living. The plaintiff heard the noise and went to his father's aid.

The family physician, Dr. Eugene Bont, was called and arranged for Mr. Noyes to be taken to the hospital. Dr. Bont testified that an examination of Mr. Noyes revealed injury to his left rib cage and because of the pain, he could not breathe normally or cough effectively; that this allowed a pooling of secretions in Mr. Noyes' lungs producing pulmonary edema, following which condition Mr. Noyes developed hypostatic bronchial pneumonia causing his death on September 15, 1963.

Liability of the defendant depends upon whether the insured's death resulted either "by external, violent and accidental means . . . alone and independent of all other causes" or from an infection "introduced into, by or through an open wound . . . caused by external, violent or accidental means and . . . visible to the unaided eye."

The only medical testimony concerning the insured's post-accident condition came from the family physician, Dr. Bont. In addition to the above he testified that hypostatic bronchial pneumonia which Mr. Noyes developed was an infection and came from a combination of bacteria normally within his body and his inability to handle it; that the infection was not introduced into him by or through an open wound; that there was no open wound; that the pre-existing physical condition (arteriosclerotic heart disease) contributed "memorable" (sic) to his death after the fall; and that this infection of hypostatic bronchial pneumonia led directly to and caused the death of Mr. Noyes.

A contract of insurance is to be construed according to its terms and the evident intent of the parties as gathered from the language used. *Duran* v. *Standard Life & Accident Ins. Co.*, 63 Vt. 437, 438, 13 LRA 637. Like other contracts, they must receive practical, reasonable, and fair interpretations, consonant with the apparent object and intent of the parties, the language being strictly construed against the insurer, but not such as to deprive the insurer of the benefit of an unambiguous provision placed therein for its protection, *Troy* v. *American Fidelity Co.*, 120 Vt. 410, 417, 143 A.2d 469; *Allen* v.

*Bershire Mutual Fire Ins. Co.*, 105 Vt. 471, 475, 168 A. 698, 89 A.L.R. 460; *Furry's Administrator* v. *General Accident Insurance Co.*, 80 Vt. 526, 529, 68 Atl. 655. If clear and unambiguous, the provisions of the contract must be given force and effect and be taken in their plain, ordinary and popular sense. *Troy* v. *American Fidelity Co.*, supra, at pp. 417, 418; *Abraham* v. *Insurance Company of North America*, 117 Vt. 75, 80, 84 A. 2d 670, 29 A.L.R. 783.

On the uncontroverted facts presented by the evidence, we are confronted with the exception set forth in section 17, supra. The terminal cause of insured's death was an infection and unless it was "introduced into, by or through an open wound" caused by traumatic means and "visible to the unaided eye," there can be for this reason alone no recovery.

This exemption limiting coverage is one that materially affects the risk. It expressly and manifestly is intended to exclude liability because of any infection unless it is caused as declared in the exemption clause of section 17.

▮ Mr. Noyes had no such wound and the symptoms accompanying the development of hypostatic bronchial pneumonia could not supply the facts required to fix liability under the contract. The infection was internally induced and not introduced by or through an open wound. Even though pneumonia followed the accident and there was a causal connection between the two, the evidence still falls short of bringing the case within the express provisions of the policy. Rather it leaves the case resting within the exception in section 17 of the constitution which limits the insured's liability.

Since this provision is plain, simple and unambiguous, we must construe the contract according to its express terms and give force and effect to it according to the language used and the manifest intent of the parties. *In Re Robinson's Will*, 101 Vt. 464, 467, 144 Atl. 457.

We cannot avoid the conclusion that there is no coverage under the contract in this case. To hold otherwise is to extend by construction the provisions of the insurance agreement beyond what is fairly and explicitly within its terms and provide coverage for a risk not intended to be embraced therein and not included in the premium charged.

The plaintiff cites *Kane* v. *The Order of United Commercial Travelers of America*, 3 Wash. 2d 355, 100 P. 2d 1036 as authority for his contention that liability attaches here. One issue raised in that case

was a controversy over the meaning of the word "infection." The other issues decided were not those involved here.

There is no question raised in our case either as to the definition of the word "infection" as used by Dr. Bont or that death was caused by an infection. The plaintiff makes no claim or argument that hypostatic bronchial pneumonia can be considered a non-infectious disease. Therein is the distinction between this case and the *Kane* case, supra. In the *Kane* case the court said at page 1040 (100 P.2d), "Having found that lobar pneumonia may be considered as a non-infectious disease, it follows that the exemptions contained in the constitution do not apply." This clearly distinguishes that case from the instant case.

There is no error in the ruling of the court below.

The entry is *Judgment Affirmed*.