# Marcus I. Medlar, Jr. and Robert L. Goodrich v. Aetna Insurance Company and Travelers Indemnity Company

[ 248 A.2d 740 ]

June Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 11, 1968

Request for Reargument Denied December 3, 1968

338

*Latham & Eastman* for Marcus I. Medlar.

*Bernard R. Dick, Esq.,* for Robert L. Goodrich.

*Wick, Dinse & Allen* for Aetna Insurance Company.

*French & Miller* for Travelers Indemnity Company.

**Keyser, J.** The plaintiffs, Medlar and Goodrich, were co-employees of the street department of the City of Burlington. On March 22, 1965, the plaintiffs were engaged in salting Cliff Street by motor truck. Medlar was the driver of the truck and Goodrich was operating power driven salting equipment from the tailgate on the rear of the truck. The truck went out of control and struck the curb of the sidewalk. This caused plaintiff Goodrich to be thrown to the ground and injured by the truck. This culminated in a negligence suit being brought by Goodrich against Medlar in the United States Federal Court for the District of Vermont to recover damages for his injuries.

The City of Burlington carried policies of liability insurance with the defendants, Aetna Insurance Company (Aetna) and Travelers Indemnity Company (Travelers). This action is brought for a declaration of the rights and liabilities of plaintiff Medlar arising under said contracts of insurance.

Plaintiff Medlar seeks a declaration that each company is required to defend the action brought against him in Federal Court by Goodrich. Also, both plaintiffs request a determination that the defendants are liable in accordance with the terms of their policies for any judgment rendered against Medlar in said law suit.

Defendant Travelers urges that the definition of "insured" contained in its policy by its very terms excludes coverage of Medlar. Defendant Aetna claims the provision of its policy which requires notice to be given it of an accident was not complied with and that other provisions of the policy excluded coverage of this accident.

The court below decreed that each company was liable to defend Medlar in Federal Court; also that each company was liable on its policy to pay any sums Medlar was legally obligated to pay Goodrich arising out of the accident. From this decree, defendant insurance companies have appealed. Appellee Medlar failed to file a brief on the appeal.

We first consider the appeal of defendant Travelers Indemnity Company.

The Travelers policy is a contract of comprehensive automobile liability insurance issued to the City of Burlington as the named insured. The truck being driven by Medlar was within the coverage afforded by the Policy.

The provision defining who was an "insured" under the policy reads:

"III Definition of Insured. The unqualified word "insured" includes the named insured and also includes any person while using an owned automobile * * * provided the actual use of the automobile is by the named insured or with his permission * * *. The insurance with respect to any person or organization other than the named insured does not apply:

\* \* \* \* \* \*

(c) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer."

Appellee Goodrich contends that the exclusion provision III(c) is void as against public policy by virtue of 24 V.S.A. §1092, and thus, if void, protection would be afforded Medlar on the claim being made against him by Goodrich. He insists the statute makes it mandatory that drivers of municipality owned and operated vehicles be afforded protection against tort liability under all circumstances not withstanding the exclusionary clause in the contract.

The sole question presented by Travelers appeal is whether clause III(c), *supra,* is contrary to public policy and void. The liability of defendant Travelers turns on the determination of this issue.

The statute, 24 V.S.A. §1092, provides:

"By its legislative branch, * * *, a municipal corporation may contract in the name of the municipality as owner, with an insurance company authorized to do business in this state to secure the benefits of all forms of insurance for the employees of such municipality, and for liability insurance to cover motor vehicles owned and operated by such municipality and the drivers thereof, and for fire, extended coverage, and liability insurance to cover public buildings, on such terms and conditions as to contributions and costs as such legislative branch shall determine. Provisions for such insurance heretofore made by a municipality are hereby approved."

The language of the pertinent part of the statute is "and for liability insurance to cover motor vehicles owned and operated by such municipality and the drivers thereof." There has been no change in this language since its enactment by No. 43 of the Acts of 1943.

█ The general rule of statutory construction is that the true intent and purpose of the legislature should be determined and carried into effect. The ordinary meaning of the language must be presumed to be intended, unless it would manifestly defeat the object of the provisions. *Snyder* v. *Central Vermont Railway,* 112 Vt. 190, 193, 22 A.2d 181. And where the meaning is plain, the courts must enforce the statute according to its terms. *Mier's Admr.* v. *Boyer,* 124 Vt. 12, 13, 196 A.2d 501.

█ The plain, ordinary meaning of word "may" in the statute indicates that the statute is permissive and not mandatory in its character and application. The avowed purpose of 24 V.S.A. §1092 is to grant discretionary authority to a municipality to contract for various kinds of insurance as a shield against liability claims if it so desires. The statute does not impose an absolute duty on the city to carry liability insurance on its motor vehicles and drivers but if there is insurance coverage the defense of governmental immunity is not available to the municipality since it is waived by the provisions of 29 V.S.A. §1403. *Town of So. Burlington* v. *American Fidelity Co.,* 125 Vt. 348, 350, 215 A.2d 508

█ It follows that if the statute as a whole allows discretionary action of the municipality as to liability insurance, then each distinct clause and provision therein is likewise of the same tenor and effect.

No question is made but that the Travelers policy did provide tort liability coverage for the drivers of city-owned motor vehicles against all claims with the one exception stated in provision III(c), *supra.* Provision for insurance coverage was accorded by the policy for "the drivers" of the city's motor vehicles.

There is no language in the statute which declares it mandatory that the drivers must be covered against all tort liability. Conversely, there is no language from which it can be drawn that the right of the city to contract for any kind of insurance is prohibited or delimited.

█ The Workmen's Compensation Act provides for benefits to an injured employee. It is reasonable to believe that the legislature had this in mind at the time (1943) when it enacted 24 V.S.A. §1092.

Before 1943 an injured employee under 21 V.S.A. §624 was required to elect his remedy—either to claim compensation under the act or to proceed to enforce his claim against the person at fault other than the employer. This section was amended in 1959 (Act No. 232)

to permit the employee to be awarded compensation under the Workmen's Compensation Act and also to proceed against the third party. *Herbert* v. *Layman,* 125 Vt. 481, 483, 218 A.2d 706. The history of these statutes bears, we think, on the intent and purpose of the legislature in adopting 24 V.S.A. §1092 particularly as there has been no change in that statute since its enactment.

We find no declared public policy expressed, or inferred, by the language in 24 V.S.A. §1092. The contract is not in violation of the statute and does not have as its object, operation or tendency any surrender of rights prejudicial to the public welfare or interest.

We hold that provision III(c) of Travelers insurance contract is not reprobated by public policy. The decree that Travelers is liable under its policy is error and must be reversed.

The first exception of defendant Aetna Insurance Company is that its policy does not afford coverage for the accident which caused injury to plaintiff Goodrich.

Aetna's policy provides comprehensive general liability insurance to the City of Burlington and Urban Renewal Agency. It was neither designed nor intended to cover motor vehicle liability as was the policy of Travelers. The general purpose of Aetna's contract was to insure other liabilities outside the area of motor vehicles. And when confronted with information of the pending suit brought against Medlar in Federal Court by Goodrich, the company advised Medlar "We have a public liability policy which does not provide any coverages for the hazards of use of motor vehicles.".

Although some of the applicable provisions of the policy which Aetna requested to be found are not the subject of findings by the court below we treat them as such since they are not in dispute and are material to the issues raised by the appeal. See *Peerless Casualty Co.* v. *Cole,* 121 Vt. 258, 261, 155 A.2d 866. Where an exhibit is incorporated in findings by reference and is material, as here, a copy should be attached to the findings for the benefit of this court on appeal.

Plaintiff Goodrich erroneously argues that Aetna's appeal from the decree raises only the issue of whether the facts found support the decree and that no other issues raised by Aetna's brief are presented for review. Now, under 12 V.S.A. §2382 notice of appeal from the decree brings the whole case, including all questions

litigated in the court below which affect the final decree, if they are briefed, to this Court for review. *Century Indemnity Co.* v. *Mead,* 121 Vt. 434, 436, 159 A.2d 325.

The rule is well established in this jurisdiction that a contract of insurance is to be construed according to its terms and the evident intent of the parties as gathered from the language used. *Noyes* v. *Order of United Commercial Travelers of America,* 125 Vt. 336, 338, 215 A.2d 495.

The rule of liberal construction in favor of an insured applies only when the contract is ambiguous and susceptible of more than one interpretation. But where the language used is clear and unambiguous, the provisions of the contract must be given force and effect and be taken in their plain, ordinary and popular sense. *Ibid,* at page 339, 215 A.2d 495.

The insurance contract under "Exclusions" provides— "This policy does not apply : * * * (c) (2) automobiles if the accident occurs away from such premises or the ways immediately adjoining * * *."

The schedule of the hazards covered by the policy includes street cleaning operations. This item of the schedule reads :

"Street cleaning—including snow removal from streets and highways and the ownership, maintenance and use of teams. 2482. This classification *excludes* coverage for power driven vehicles or equipment on and away from the insured premises."

Endorsement No. 4 dealing specifically with the operation of street cleaning is attached to and "forms a part of" the policy. It is therein stated :

"It is agreed that such insurance as is afforded by the policy applies with respect to operations of the named insured classified as Street Cleaning, subject to the following provisions: (1) The insurance does not apply to the ownership, maintenance, operation, use, loading or unloading of power driven vehicles or equipment."

Aetna's policy carried a further endorsement (No. 27) reading in part as follows :

The unqualified work (sic) "insured," under the policy to which this endorsement is attached, includes the named insured

and any employees of the City of Burlington while acting within the scope of his duties as such, *except with respect to the ownership, maintenance or use of automobiles* while away from premises owned, rented or controlled by the named insured or the ways immediately adjoining. (Emphasis added.)

Endorsement No. 27 states "Subject otherwise to all the terms, limits and conditions of the Policy." Schedule A which describes the hazards covered and the premium charged for each shows that the premium listed for additional insureds (End. No. 27) is for "BI Except Automobile," "BI" meaning "bodily injury."

At the time of the accident Medlar was operating a dump truck owned by the insured, City of Burlington. Salting equipment was attached to the rear of the truck and was power driven by a motor separate from the truck. Goodrich was on the rear of the truck operating this equipment to spread salt upon Cliff Street to remove snow and ice thereon. Each of the plaintiffs was then an employee of the City and was acting within the scope of his employment.

The right of Medlar to the protection contended for against Aetna must have the policy for its basis. The provisions of coverage and exclusions are in clear, concise and unequivocable language. They require no interpretation or construction to demonstrate their true intent and meaning. The apparent object and intent of the parties is clearly shown throughout the entire policy and its pertinent endorsements as excluding "coverage for power driven vehicles or equipment on or away from the insured premises" or "to the ownership * * * use * * * of power driven vehicles or equipment."

Plaintiff Goodrich argues in considerable detail that this Endorsement No. 27 clearly means that Aetna's policy does provide Medlar with "coverage for the hazard of use of motor vehicles." It is apparent from the decree that the court adopted this construction of the policy since the precise and only basis on which the court adjudged that this obligation rested upon Aetna was "by virtue of Endorsement No. 27 of the contract."

Notwithstanding the terms of the policy, plaintiff Goodrich contends that Endorsement No. 27 clearly extends the original coverage afforded by the policy to include the use of automobiles on the city streets by the named insured and any employee while acting within the scope of his employment excepting certain school department per-

sonnel. The claim is made that the policy is not an entire contract and Endorsement No. 27 being on an additional premium basis is a separate and distinct contract.

The extra premium charged for Endorsement No. 27 as shown by Schedule A was for bodily injury and property damage "except automobiles." Thus, the risk for automobiles was neither included in nor made a part of the premium paid for the additional coverage under the endorsement. This fact unmistakably indicates an intention contrary to the contention of plaintiff Goodrich that because of the extra premium charged Medlar was brought under the protection of the endorsement as the operator of the City's motor truck.

Paragraph III of the Insuring Agreements in the policy defines "Insured" as follows:

"Definition of insured. The unqualified word 'insured' includes the named insured and also includes any executive officer, director or stockholder thereof while acting within the scope of his duties as such, and any organization or proprietor with respect to real estate management for the named insured. If the named insured is a partnership, the unqualified word 'insured' also includes any partner therein but only with respect to his liability as such."

The effect of the endorsement (No. 27) is simply to add to, amend, and extend the definition of the word "Insured" as it appears in Paragraph III, *supra*. This endorsement does not, as plaintiff contends, give rise to a separate and distinct contract. Rather, the endorsement clearly becomes an integral part of Paragraph III of the policy, *supra*, and is subject to all of the "terms, limits and conditions" of the policy. We cannot conclude otherwise in light of the language used and the particular facts presented by the record. Furthermore, plaintffs' petition admits in its allegations that Paragraph III above is amended by Endorsement No. 27.

Plaintiff Goodrich also claims that because the endorsement lacks a phrase such as "except street operations including snow removal," the maxim "expression of one thing is exclusion of another" applies. In other words, the affirmative inference of that which is omitted must be intended to have opposite and contrary treatment. *In re Downer's Estate,* 101 Vt. 167, 177, 142 A. 78 is cited in support of this rule of interpretation.

The analogy between the two cases is quite different. There the question involved the interpretation of the language used in a single statute. But here, as has been pointed, the endorsement is not by its very terms a separate and distinct contract but rather is made a part of the policy and subject to its terms, limits and conditions, all of which are construed together to determine the intent of the parties and purpose of the contract. Under these circumstances the foregoing principle of interpretation has no effect or application in this case.

The language of the endorsement and the policy, taken as a whole, indicates by clear and unmistakable terms an intent to exclude, rather than include, the coverage contended for by plaintiff Goodrich. The result of plaintiff's contention would be to include personal tort liability coverage for city employees under the circumstances shown. This would broaden the coverage much beyond what is ostensibly meant by the contract or included in the premium. We can find nothing in the language used to support this conclusion.

Courts can only enforce agreements as written and are without authority to rewrite contracts, even insurance contracts. It is the duty of the court to construe contracts, not make them for the parties. *American Fidelity Co.* v. *Elkins,* 125 Vt. 313, 315, 215 A.2d 516.

The court erred in withholding the requested findings of Aetna relating to the material terms and conditions of the policy and to the fact that plaintiffs were engaged in snow and ice removal from the street. The facts disclosed by the record do not provide a proper basis as they must for the decree entered in favor of the plaintiffs against Aetna. *Neverett* v. *Towne,* 123 Vt. 45, 53, 179 A.2d 583. We hold that Aetna is not obligated as adjudged in the decree and it must be reversed.

In view of our holding it is unnecessary for us to pass upon the remaining questions raised by Aetna that coverage was not afforded for the claim of Goodrich against Medlar under Exclusion (g) of the policy, and that there was a breach of policy conditions as to notice of accident.

Since it sufficiently appears from the record what the decree should be, remand is not required. *Chaffin* v. *Bitinsky,* 126 Vt. 218, 220, 227 A.2d 296.

*Decree reversed. It is adjudged that the policies of insurance issued to the City of Burlington by defendants Travelers Indemnity*

*Company and Aetna Insurance Company do not provide protection to plaintiff Marcus I. Medlar, Jr. in the suit for damages brought against him by plaintiff Goodrich in United States District Court for the District of Vermont, Civil Action File No. 4422 and said defendants are not liable to defend in said suit or for any judgment for damages arising therein.*

**Holden, C.J.**, being disqualified took no part in the disposition of this case.

## Motion for Reconsideration

Before **Shangraw, Acting C.J.** and **Barney, Smith** and **Keyser, JJ.**

**Keyser, J.** Plaintiff Goodrich has moved for leave to reargue this case as to both defendants on the ground that the court has misapprehended or overlooked certain points presented in his briefs.

The gist of the plaintiff's motion as to defendant Travelers is that our construction of 24 V.S.A. §1092 is unwarranted. He requests the Court "to grant reargument and to reexamine its Opinion with the construction to be given §1092."

We can only conclude from a careful examination of plaintiff's motion that at most he disagrees with our conclusion that "provision III(c) of Travelers insurance contract is not reprobated by public policy." The arguments are of the same tenor now as those made previously and relate wholly to the construction to be given to 24 V.S.A. §1092. In substance he is asking that we reconsider our determination of this issue. This question was fully considered and dealt with in the main opinion. Upon reconsideration, we find no grounds stated in the motion which persuade us that reargument on this aspect of the case should be granted or the result changed.

As to defendant Aetna the plaintiff argues that reargument should be granted to consider and decide two questions affirmatively, namely:

"1. Whether Aetna waived all of its defenses other than that its policy does not provide any coverages for the hazard of use of motor vehicles; and if it did,

"2. Whether in light of the decree, the policy in any one of its aspects does provide such coverage."

We held that Aetna's policy for comprehensive general liability did not cover the hazards of use of motor vehicles which was the

ground of disclaimer by Aetna in its notice to Medlar. Our holding disposed of any question of waiver for without coverage of such hazards there could be none. The exclusion as we held in the main opinion was specific and set up a roadblock against plaintiff Goodrich from the very beginning.

The issues were fully briefed and argued and were considered by us in disposing of this portion of the case. Nothing has been pointed out in the plaintiff's motion which convinces us that the case should be reargued or the opinion modified.

*Request for reargument denied. Let full entry go down.*