## Utica Mutual Insurance Company v. Central Vermont Railway, Inc., Peru Associates, Inc. and Richard E. Curavoo

[336 A.2d 200]

No. 179-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed April 1, 1975

*Karen McAndrew* of the firm of *Dinse, Allen & Erdmann,* Burlington, for Plaintiff.

*Alden T. Bryan, Esq.,* of the firm of *Hoff, Curtis, Bryan, Quinn & Jenkins, Inc.* of Burlington, for Central Vermont Railway, Inc.

*R. Allan Paul, Esq.,* of the firm of *Paul, Frank & Collins,* Burlington, for Peru Associates, Inc. and Richard E. Curavoo.

**Daley, J.** This action arises out of a work-related personal injury suit brought by Richard Curavoo, an employee of Peru Associates. Peru Associates was hired by Central Vermont Railway as a contractor in the Winooski Gorge Bridge Project. Curavoo brought a suit against Central Vermont seeking a monetary judgment, apart from the workmen's compensation he had received, alleging a contractual duty to provide its employees with safe working conditions. Central Vermont sued Peru on a third party claim founded on Peru's express contractual promise to indemnify Central Vermont. Peru Associates turned to Utica Mutual, its carrier, which provided contractual liability, as well as workmen's compensation, coverage for Peru Associates. Utica sought clarification in a declaratory judgment proceeding to determine its obligation to defend and indemnify Peru against Central Vermont's claim. Utica appeals from the Chittenden Superior Court's holding that the contractual liability insurance policy obligates Utica to defend its insured.

The relevant coverage provision contained in the contractual liability policy issued by Utica to Peru provides that:

> the company will pay on behalf of the insured all sums which the insured, by reason of contractual liability,

assumed by him under a contract designated in the schedule for this insurance, shall become legally obligated to pay as damages because of
' Y. bodily injury. . . .

The claim advanced by Central Vermont against Peru clearly falls within the language excerpted from the policy.

Utica has argued that the disputed claim falls within exclusion (d) of its contractual liability policy. This clause provides that the insurance is inapplicable

to any obligation for which the insured or any carrier as
. his insurer may be held liable under any workmen's compensation, unemployment compensation, or disability benefits law, or under any similar law; . . . .

The appellee has argued that the claim against Peru Associates is founded on a promise to indemnify. The Court is in agreement with the appellee's stance. The claim asserted by Central Vermont is based on contractual liability. As such, it can be differentiated, as it is in the exclusionary language of the contractual liability policy, from an obligation arising under a workmen's compensation provision. *American Insurance Co.* v. *Nationwide Mutual Insurance Co.,* 110 N.H. 192, 270 A.2d 907, 909 (1970).

■■ In examining disputed contract language, seemingly clear and unambiguous, the cardinal rule of construction promotes a reading of the phrase at issue in its plain, ordinary, and popular sense. *Noyes* v. *Commercial Travelers,* 125 Vt. 336, 339, 215 A.2d 495 (1965). The language employed in exclusion (d) absolves the insurance carrier from an obligation to indemnify and defend the insured against claims which would render the insured liable under a workmen's compensation law. Since the contested claim does not run between Curavoo and Central Vermont but, in fact, is a claim asserted by Central Vermont against Peru, the exclusionary clause is inapposite. While Utica has employed elsewhere exclusions which shield the insurance company from the type of claim at issue here, it is not the job of the Court to make a new contract or change the contractual provisions. *Dunsmore* v. *Coop.*

*Fire Insurance Ass'n. of Vermont,* 131 Vt. 14, 16–17, 298 A.2d 853 (1972).

█ The appellant has suggested that Central Vermont's claim derives from a personal injury, and is therefore encompassed by the exclusion. Even if the Court were to read the exclusionary language as susceptible of two different meanings, the Court is bound to adopt the construction which is most favorable to the insured. *Town of Troy* v. *American Fidelity Co.,* 120 Vt. 410, 143 A.2d 469 (1958).

Prior to 1959, the workmen's compensation laws limited the injured employee to a choice between a workmen's compensation claim or a third party action. Since the amendment of 21 V.S.A. § 624, the receipt of statutory compensation has no relevance with respect to the employee's right to sue the third party general contractor. *Dubie* v. *Cass-Warner Corp.,* 125 Vt. 476, 477–78, 218 A.2d 694 (1966). Because of Peru Associates' exposure to dual liability relating to workmen's compensation and contractual liability, it obtained by premium payments two distinct forms of coverage, incidentally from the same carrier.

██ Utica now seeks to construct a defense from this coincidence. That Peru intended to be protected from liability is clearly demonstrated by the certificate of insurance which stated the agreement that the "policy extends to cover the liability of Peru Associates, Inc., assumed under contract with Canadian National Railway Company [Central Vermont's parent company]. . . ." The rule is well established that a contract of insurance is to be construed according to its terms and the evident intent of the parties as gathered from the language used. *Medlar & Goodrich* v. *Aetna & Travelers,* 127 Vt. 337, 344, 248 A.2d 740 (1968). The certificate of insurance, like the terms of the insurance policy, demonstrates that the insurance company and the insured contemplated indemnification coverage.

*The result reached by the lower court, being correct in law, is affirmed.*