## Leonard W. and Fannie Clark v. Cooperative Fire Insurance Association of Vermont

[448 A.2d 155]

No. 470-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed June 8, 1982

*Hughes, Miller & Candon,* Norwich, for Plaintiffs-Appellees.

*D. Michael Mathes* of *Conley and Foote,* Middlebury, for Defendant-Appellant.

Barney, C.J. On or about February 12, 1979, a barn owned by the plaintiffs and insured by the defendant collapsed and was totally destroyed. The plaintiffs filed an insurance claim alleging that the destruction of the barn was due to high winds, but the defendant denied any liability, stating that the damage was due instead to the weight of ice and snow on the barn roof, which, it maintained, was not covered by the policy.

The plaintiffs brought suit to collect insurance benefits. Citing a provision entitled "Windstorm and Hail," they argued that even if the collapse of the barn had been due to ice and snow, that policy provision still covered their loss. They then moved for judgment on the pleadings.

The provision at issue reads as follows:

### "Perils Insured Against"

This policy insures under Section I against direct loss to the property covered by the following perils as defined and limited below:

. . . .

3) *Windstorm & Hail,* excluding (a) loss caused by frost or cold weather or ice other than hail, snowstorm or sleet, all whether driven by wind or not; (b) loss to the interior of the building(s) on the property covered unless the building(s) covered or containing the property covered shall first sustain an actual damage to the roof or walls by the direct force of wind or hail; (c) loss to livestock or poultry caused by (1) running into streams or ditches, or against fences or other objects; (2) smothering; (3) fright; (4) freezing.

This provision was one of nine "Perils Insured Against" provisions enumerated in the policy, each of which consisted of

the named peril, capitalized and underlined, followed by a paragraph limiting or defining it, or both.

At hearing on the plaintiffs' motion the trial court announced its opinion that the language of the section was ambiguous as written, and indicated its belief that the law to be applied was therefore a strict construction against the insurer and in favor of the insured. Noting that it felt there was a clearer way in which to have written the paragraph in question, the court granted judgment to the plaintiffs for the full amount of the policy, plus interest. The defendant appealed, and we reverse.

■ Although the trial court correctly states the general rule applicable to ambiguous insurance contract provisions, we do not think that this provision was ambiguous until the trial court so labelled it. *Simpson* v. *State Mutual Life Assurance Co.,* 135 Vt. 554, 559, 382 A.2d 198, 201 (1977) (Larrow, J., dissenting). Insurance policies are to be strictly construed against the insurer, but not so as to deprive it of the benefit of an unambiguous provision placed in the policy for its benefit. *Noyes* v. *Commercial Travelers,* 125 Vt. 336, 338–39, 215 A.2d 495, 497 (1965). The subjective conclusion that there may have been a "clearer" way to have written the questioned clause does not compel, and may not necessarily support, a finding of ambiguity.

■ We agree with the defendant that only windstorm and hail are perils insured against by this provision, and that the natural phenomena named following those two perils, and clearly set off from them, are part of an excluded group of five perils not insured against, without regard to whether they were wind driven. This provision cannot logically be read to extend coverage to perils not named in the first instance, when it would have been so simple to have named them, had that been the parties' intent.

*Judgment on the pleadings is reversed and the cause remanded for hearing on the merits.*

**Billings, J.,** dissenting. Disputed contractual language in an insurance contract which is seemingly clear and unambiguous must be read in its plain, ordinary and popular sense, *Utica*

*Mutual Insurance Co.* v. *Central Vermont Railway, Inc.,* 133 Vt. 292, 294, 336 A.2d 200, 202 (1975); *Noyes* v. *Commercial Travelers,* 125 Vt. 336, 339, 215 A.2d 495, 497 (1965), and the insurance contract is to be construed according to its terms and the evident intent of the parties. *Utica Mutual Insurance Co.* v. *Central Vermont Railway, Inc., supra,* 133 Vt. at 295, 336 A.2d at 203. If exclusory language in liability insurance coverage provisions is susceptible to two different meanings the Court is bound to adopt the construction most favorable to the insured. *Id.; Town of Troy* v. *American Fidelity Co.,* 120 Vt. 410, 418, 143 A.2d 469, 474 (1958). On the record here the exclusion provisions were susceptible to two interpretations as to whether loss by snow, storm and sleet was excluded or covered by the insurance contract.

The majority, although noting that the trial court found that the policy could have been written in a "clearer" way, concludes that there is no ambiguity. In my view the contract provisions were capable of two interpretations and only became unambiguous when the majority so declared it. I dissent and would affirm the lower court judgment.

I am authorized to state that Mr. Justice Hill joins in this dissent.