## Donna Lee Whitney v. Nationwide Mutual Insurance Company

[562 A.2d 467]

No. 85-176

Present: **Allen, C.J., Peck, Dooley and Morse, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed May 5, 1989

*Smith Harlow Liccardi & Crawford, P.C.,* Rutland, for Plaintiff-Appellant.

*Allan R. Keyes* and *Mark H. Kolter* of *Ryan Smith & Carbine, Ltd,,* Rutland, for Defendant-Appellee.

**Morse, J.** In 1978 a jury awarded plaintiff, Donna Whitney, $21,000 damages for loss of consortium. Her husband had been injured in a 1973 motorcycle accident caused by the negligence of Beatrice Fisher. Mr. Whitney was awarded nearly $110,000 in that action. The defendant, Nationwide, as Mrs. Fisher's insurer, paid Mr. Whitney $20,000, the policy limit for each person injured in an occurrence. Nationwide refused to pay Mrs. Whitney $20,000 for her loss of consortium, however, prompting this lawsuit. The trial court granted summary judgment in defendant's favor. We affirm.

Plaintiff's appeal raises three issues. She claims the insurance policy in question requires that her claim be covered to the limit of $20,000 or, in the alternative, that defendant waived the policy limit and is estopped from denying coverage, or that defendant is liable pursuant to Title 23 of the Vermont statutes.

## I.

Nationwide agreed to pay damages for "bodily injury" limited to $20,000 for "the injury to one person in any one occurrence" and $40,000 "for all damages sustained by two or more persons in any one occurrence."[1] Plaintiff reads the policy to cover her claim separately from her husband's claim just as if she received bodily injury in the accident.

Insurance contracts are construed according to "the evident intent of the parties as gathered from the language used." *Utica Mutual Insurance Co.* v. *Central Vermont Railway,* 133 Vt. 292, 295, 336 A.2d 200, 203 (1975). "[T]he cardinal rule of construction promotes a reading of the phrase at issue in its plain, ordinary, and popular sense." *Id.* at 294, 336 A.2d at 202. The policy here cannot be construed as plaintiff urges without ignoring its plain language. Nationwide is liable up to $20,000 "for all damages sustained because of the injury to one person in

---

[1] The limits provision reads:
> The limit of *bodily injury* liability stated in the Declarations as applicable to "each person" is the limit of the Company's liability for all damages sustained because of *the injury* to one person in any one occurrence. The limit of such liability stated in the Declarations as applicable to "each occurrence" is, *subject to the above provision respecting each person,* the total limit of the Company's liability for all damages sustained by two or more persons in any one occurrence.

(Emphasis added.)

any one occurrence." The words "the injury" in the provision plainly mean "bodily injury."[2] Plaintiff's damages for losses consortium arose because of her husband's injuries in one accident. She did not suffer bodily injury; her loss arose from her husband's injury. The policy therefore did not require payment for plaintiff's loss of consortium above and beyond what Nationwide had already paid for Mr. Whitney's injuries.

## II.

After the verdicts, Nationwide caused an appeal to be taken from the judgment of $21,000 for loss of consortium in favor of Mrs. Whitney. The sole issue in that appeal was whether a wife may recover for loss of consortium under the common law. This Court affirmed the judgment. *Whitney* v. *Fisher,* 138 Vt. 468, 417 A.2d 934 (1980). Thereafter, plaintiff demanded $20,000 from Nationwide toward satisfaction of that judgment.

Plaintiff argues that defendant waived its policy limit, or was estopped from relying on it, because of the *Whitney* v. *Fisher* appeal on the consortium issue. Nationwide was obligated to defend its insured, however. The appeal was designed to safeguard the insured from liability for the $21,000 judgment. Appealing from that judgment did not constitute an agreement to pay the judgment should the appeal fail. See *State* v. *Glens Falls Ins. Co.,* 132 Vt. 97, 99, 315 A.2d 257, 258 (1974) ("The duty of an insurer to enter and defend a case on behalf of its insured is broader than its obligation to respond in damages."). The record is replete with notice to plaintiff's lawyer that Nationwide would not pay more than the $20,000 limit of liability. No waiver of the policy limit was made, and Nationwide is not now estopped from denying coverage. No facts are in dispute. Summary judgment was proper.

## III.

Plaintiff's final point is that 23 V.S.A. § 941,[3] when read in conjunction with § 801(a) (proof of financial responsibility required in certain circumstances), prohibits the reading of the policy we

---

[2] If Nationwide intended by the term "the injury" to denote a broader class of events triggering coverage than the class conveyed by "bodily injury," as plaintiff urges, it surely would have made this clear, or at least used the article "an" rather than "the" to precede "injury."

[3] 23 V.S.A. § 941 provides in part:

approve in this decision. Plaintiff misconstrues these statutes. Nationwide complied with § 941(b), since the policy issued to Ms. Fisher did insure her against loss resulting from liability for damages because of bodily injury not less than the minimum limits of coverage required by § 801.[4] The statutes do not require any more coverage than that provided by Nationwide here.

*Affirmed.*

(b) Every policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall provide insurance against loss resulting from the liability imposed by law for damages because of bodily injury or death of any person within this state or elsewhere in the United States and Canada.

(c) Unless the policyholder otherwise directs, the coverages under (a) and (b) of this section for new or renewed policies shall be identical to those provided in the policy selected by the person obtaining said policy but shall be not less than the minimum limits of coverage required under the provisions of section 801 of this title.

[4] In 1973, when Mr. Whitney was injured, the minimum coverage required by § 801 was $10,000 for one person and $20,000 for two or more persons killed or injured. Today, the statute requires coverage of at last $20,000 for one person and $40,000 for two or more persons.