590

[653 A.2d 771]

No. 93-528

November 1, 1994. Estate of decedent and his family members appeal from the grant of defendant's summary judgment motion ruling that plaintiffs were not entitled to a total of $600,000 in uninsured motorist (UM) coverage, based on "loss of services" provisions in the two policies covering decedent's death in an automobile accident. We affirm.

Decedent Martin Ramunno was a passenger in a vehicle owned and driven by his daughter, a resident of his household. The daughter's vehicle was struck by a vehicle driven by an uninsured motorist, killing decedent and injuring the daughter.

At the time of the accident, decedent and his daughter were the holders of separate automobile insurance policies issued by Allstate. Both policies contained UM coverage with identical limits of $100,000 per person and $300,000 per occurrence. Plaintiff family members asserted that because of the loss of services they suffered as a result of decedent's death, they were entitled to recover the $300,000 per-occurrence limit under both decedent's and the daughter's policies' UM coverage provisions, for a total of $600,000 in benefits.

Allstate responded that under the applicable terms of each policy, family members' losses were compensable only up to the per-person policy limit applicable to the family members actually involved in the accident, for a total of $200,000. The company also responded that "loss of services" was not included in the definition of "injury," on which term the derivative claims were based. On cross-motions for summary judgment, the court ruled in Allstate's favor, and this appeal followed.

Both decedent's and the daughter's Allstate policies contained the same liability limit provision for UM coverage, which stated:

> The coverage limit shown on the declarations page for:
>
> 1. "each person" is the maximum that we will pay for damages arising out of bodily injury to one person in any one motor vehicle accident including all damages sustained by anyone else as a result of that bodily injury.

Plaintiffs argue that because the term "bodily injury" was defined in the bodily injury liability coverage section of the policies to include "loss of services," the per-person limitation in the UM coverage provision should be overridden. This argument is untenable for two reasons.

First, it is uncontroverted that the bodily injury liability coverage definition cited by plaintiffs had been superseded by a policy endorsement applicable at the time of the accident with language omitting the reference to "loss of services." Even if the superseded language were to apply, however, it would make no difference to the outcome of the case. The "loss of services" language on which plaintiffs rely is limited to the section of the policies dealing with bodily injury liability coverage (relating to claims against the insured arising out of covered events), not UM coverage. The bodily injury liability definition is wholly inapplicable.

Second, the UM limit-of-liability provision clearly states that the single per-person limit applies "for damages arising out of bodily injury to one person in any one motor vehicle accident including *all damages sustained by anyone else* as a result of that bodily injury." Plaintiffs have not explained how the words "all damages sustained by anyone else" are ambiguous, or how damages of any kind in an amount above the policy limit for UM coverage can be justified. By a plain reading of this provision, the one per-person limit of $100,000 applies to the total of (1) a person's accident-related injuries, and (2) all damages to anyone else arising out of those accident-related injuries. In sum, plaintiffs' textual argument is wholly without merit.

Though not a UM case, our decision in *Whitney v. Nationwide Mutual Insurance Co.* supports the result in this case. 151 Vt. 510, 562 A.2d 467 (1989). The plaintiff in *Whitney* was injured in a motorcycle accident caused by the negligence of the other driver, and was awarded a judgment of $110,000, $20,000 of which, the stated policy limit, was paid by the other driver's insurer. The other driver's liability policy contained the following limits-of-liability clause:

> The limit of *bodily injury* liability stated in the Declarations as applicable to "each person" is the limit of the Company's liability for all damages sustained because of *the injury* to one person in any one occurrence. The limit of such liability stated in the Declarations as applicable to "each occurrence" is, *subject to the above provision respecting each person*, the total limit of the Company's liability for all damages sustained by two or more persons in any one occurrence. (Emphasis added.)

*Id.* at 511 n.1, 562 A.2d at 468 n.1. We concluded that "injury" in the quoted language meant "bodily injury" and that

the injured man's wife could not recover against the other driver's insurer because she did not suffer "bodily injury." *Id.* at 512, 562 A.2d at 468. Her loss, if any, arose out of her husband's injury. *Id.*

Similarly in this case, the "loss of services" due to decedent's death is a different injury from the bodily injury to decedent, and the policy language is, if anything, even clearer on this point than the language in *Whitney*.

In sum, any claimant whose losses, including loss of services, were incurred only "as a result" of decedent's bodily injuries is not entitled to a separate per-person recovery under the policy, but may only recover under and within the per-person limit applicable to decedent. Accord *Green v. Mid-America Preferred Ins. Co.*, 751 P.2d 581, 588–89 (Ariz. Ct. App. 1987); *Florida Ins. Guaranty Ass'n v. Cope*, 405 So. 2d 292, 293–94 (Fla. Dist. Ct. App. 1981); *Miller v. Public Employees Mutual Ins. Co.*, 795 P.2d 703, 705–06 (Wash. Ct. App.), *review denied*, 797 P.2d 513 (Wash. 1990).

*Affirmed.*