[No. 12200–2–I.   Division One.   December 24, 1984.]

TRI–STATE CONSTRUCTION, INC., *Appellant,* v. COLUMBIA CASUALTY COMPANY/CNA, *Respondent.*

*Stafford, Frey & Mertel, Douglas K. Haughton,* and *Jeffrey A. Christianson,* for appellant.

*Lane, Powell, Moss & Miller, Thomas C. Sorenson,* and *Matthew R. Kenney,* for respondent.

SWANSON, J.—Tri–State Construction, Inc. (Tri–State) appeals the summary judgment order in favor of Columbia Casualty Company/CNA (Columbia). The summary judgment dismissed Tri–State's action seeking money damages and a declaratory judgment that Columbia was obligated under the insurance agreement between the two parties to defend and indemnify Tri–State for expenses incurred in defending and settling two civil actions brought against Tri–State in Oregon by an injured employee and his spouse. We affirm.

The essential facts are undisputed. A Tri–State employee, James Oakes, was injured in Oregon on August 12, 1977 when a trench in which he was working collapsed. Oakes brought a personal injury action against Tri–State and his wife brought an action for lost wages and loss of her husband's society. Tri–State settled both claims for $250,000. In addition, Oakes received workers' compensation benefits for his injuries.

At the time of the accident, Tri–State had not obtained workers' compensation insurance for its employees, as required by Oregon law. Tri–State's director and sole shareholder, Joe Agostino, admitted his responsibility for the company's failure to do so, despite his representation to Tri–State's insurance brokers that he would do so.

On the accident date, Tri–State had a primary comprehensive general liability insurance policy from Consolidated American Insurance Company. Further, it had an umbrella and excess liability policy, policy RDU 3653394, from the respondent, Columbia Casualty, which was in effect from July 29, 1977 through July 29, 1978.

Until Oakes filed a claim under Oregon's Workers' Compensation Law, Or. Rev. Stat. ch. 656, in June 1979, Tri–State voluntarily paid Oakes' medical bills and weekly wages from August 12, 1977 to May 1979. Tri–State was deemed to be a "noncomplying employer" under Oregon's workers' compensation statute; as a result, under the statute Oakes was permitted to file for workers' compensation benefits and the Oakeses were permitted to bring civil lawsuits, which would otherwise have been precluded by the statute's "exclusive remedy" provision.

In May 1980, Tri–State gave notice and tendered the defense of the civil lawsuits to Columbia Casualty, which denied that it was liable under the policy for the claims or that it was obligated to defend Tri–State in the actions. In August 1980, Tri–State brought an action for a declaratory judgment that Columbia was obligated under the insurance policy to defend and reimburse Tri–State for expenses incurred in the two actions and for money damages for defense costs and settlement amounts paid by Tri–State to Oakes. Columbia's motion for summary judgment in the action was granted on August 12, 1982.

The issues are (1) whether Columbia Casualty Company is liable for the claims of Oakes and his wife under coverage B, the insurance policy's umbrella coverage, such that Tri–State is entitled to indemnification for the costs incurred in defending against and settling these claims; and (2) if so,

whether the policy clause excluding from coverage B "any obligation for which the insured . . . may be held liable under any workmen's compensation" law nevertheless bars from coverage the actions brought by Oakes and his wife.

In reviewing a summary judgment order, the appellate court must decide whether a genuine issue exists as to any material fact and where no such issue exists, whether the facts require upholding the summary judgment as a matter of law. *Fahn v. Cowlitz Cy.*, 93 Wn.2d 368, 373, 610 P.2d 857, 621 P.2d 1293 (1980). All testimonial documents submitted by the moving party must be scrutinized with care and all reasonable inferences from the evidence must be resolved in favor of the nonmoving party. *Jamison v. Monarch Life Ins. Co.*, 33 Wn. App. 95, 98, 652 P.2d 13 (1982). Here the parties agree that the material facts are undisputed. Thus the only question is whether the facts require upholding the summary judgment as a matter of law.

Coverage under the insurance policy issued by Columbia Casualty to Tri–State consisted of "Coverage A—Excess Liability Indemnity" and "Coverage B—Excess Liability Indemnity Over Retained Limit."

Coverage A provides in pertinent part:

1. COVERAGE A—EXCESS LIABILITY INDEMNITY
The company will indemnify the insured for loss in excess of the total applicable limits of liability of underlying insurance stated in the schedule. The provisions of the immediate underlying policy are, with respect to Coverage A, incorporated as a part of this policy . . .

Condition 2 states in part:

2. Maintenance of Underlying Insurance—Coverage A
The insured agrees that the policies listed in the schedule of underlying insurance . . . shall be maintained without alteration of terms or conditions in full effect during the currency of this policy . . .

. . .
Failure of the insured to comply with this condition shall not invalidate this policy but, *in the event of such failure, the company shall only be liable under Coverage*

*A and only to the same extent as if the insured had complied with this condition.*

(Italics ours.) The schedule of underlying insurance referred to in condition 2 lists workers' compensation insurance among the insurance policies that Tri–State agreed to maintain in force.

It is undisputed that Tri–State had failed to maintain the requisite workers' compensation insurance policy at the time of Oakes' accident. The effect of this failure to comply with condition 2 was that Columbia was only "liable under Coverage A and only to the same extent as if the insured had complied with this condition." If Tri–State had complied with the condition of maintaining the workers' compensation insurance, Columbia's liability under coverage A would have been limited to the loss in excess of the liability limits of the workers' compensation insurance.

Under Or. Rev. Stat. § 656.018,[1] if Tri–State had maintained the workers' compensation insurance, Tri–State's liability to Oakes would have been limited to the exclusive remedy of workers' compensation benefits. Thus, Oakes' and his wife's negligence actions would have been barred. *See Leech v. Georgia–Pacific Corp.,* 259 Or. 161, 485 P.2d 1195, 1197 (1971). Consequently, Columbia's coverage A liability for loss in excess of the liability limits of the underlying workers' compensation insurance would have been nil if Tri–State had maintained the workers' compensation insurance. Thus when Tri–State breached this condition, Columbia's coverage A liability was limited to that which it would have been if Tri–State had maintained the workers' compensation insurance: nil.

Tri–State contends, however, that it is under the insur-

---

[1]Former Or. Rev. Stat. § 656.018 states in pertinent part:

"Effect of providing coverage; exclusive remedy. (1)(a) The liability of every employer who satisfies the duty required by subsection (1) of ORS 656.017 [*i.e.,* payment of workers' compensation for compensable injuries] is exclusive and in place of all other liability arising out of compensable injuries to his subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries or claims resulting therefrom . . ."

ance policy's coverage B, the umbrella coverage, that it is entitled to reimbursement for costs incurred in defending and settling the Oakeses' lawsuits, less the $10,000 retained limit set forth in the policy. Columbia counters with the argument that condition 2 precluded Columbia's liability under coverage B and limited it to coverage A where the insured, Tri–State, breached the condition of maintaining the underlying scheduled insurance.

Tri–State's response is that condition 2 applies only to coverage A, not coverage B. Tri–State contends that although the page containing the policy conditions states at the top, "Unless noted otherwise, the conditions apply to all coverages," condition 2's heading reads, "Maintenance of Underlying Insurance—Coverage A." Thus, it argues, condition 2 applies only to coverage A and does not preclude Columbia's liability under coverage B. Nevertheless, we need not decide whether coverage B liability exists here, for even if Columbia were otherwise liable to Tri–State under coverage B, the policy's exclusionary clause bars its liability in this case.

Coverage B provides in part:

2. COVERAGE B—EXCESS LIABILITY INDEMNITY OVER RETAINED LIMIT
The company will indemnify the insured, with respect to any occurrence not covered by [the] underlying insurance, or with respect to damages not covered by [the] underlying insurance but which results from an occurrence covered by underlying insurance, for ultimate net loss in excess of the insured's retained limit which the insured shall become obligated to pay as damages by reason of liability imposed upon the insured by law or assumed by the insured under any contract because of
personal injury,
property damage, or
advertising injury
to which this coverage applies, caused by an occurrence.

The policy's exclusion (b) states:

This insurance does not apply under Coverage B:

. . .

(b) to any obligation for which the insured or any car-

rier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law . . .

■ Tri–State contends that the exclusionary clause is ambiguous and thus must be construed against the insurer, Columbia Casualty. *See Morgan v. Prudential Ins. Co. of Am.*, 86 Wn.2d 432, 435, 545 P.2d 1193 (1976). However, a court must not read ambiguity into an insurance contract where the contract language is unambiguous. *See Tucker v. Bankers Life & Cas. Co.*, 67 Wn.2d 60, 66, 406 P.2d 628, 23 A.L.R.3d 1098 (1965). A policy provision is ambiguous where on its face it is fairly susceptible to two different, albeit reasonable, interpretations. *Morgan.* The language of the exclusionary clause here is not ambiguous.

Tri–State contends that the "obligation for which the insured . . . may be held liable under any workmen's compensation" law, which is expressly excluded from coverage B, refers only to an obligation specifically required by a workers' compensation law. Examples are the premium payments or acquisition of self–insurance and the payment of costs and civil penalties for noncompliance. Not included among these workers' compensation obligations, according to Tri–State, are negligence actions against an employer since tort actions are based on preexisting rights and are not "obligations" created by the state's workers' compensation law. Columbia, on the other hand, argues that the workers' compensation obligations excluded from coverage B include the Oakeses' claims against Tri–State.

Oregon's Workers' Compensation Law generally abolished tort actions and made workers' compensation benefits the exclusive remedy for injured employees. *See* Or. Rev. Stat. § 656.018; *Leech v. Georgia–Pacific Corp.*, 485 P.2d at 1197. Thus if Tri–State had maintained the workers' compensation insurance, Tri–State's liability to Oakes would have been limited to the exclusive remedy of workers' compensation benefits, and the Oakeses' actions would have been barred.

Or. Rev. Stat. § 656.020, however, expressly permits

actions for damages where the employer has failed to comply with the workers' compensation statute. Or. Rev. Stat. § 656.020 states in pertinent part:

> Damage actions by workers against noncomplying employers; defenses outlawed. Actions for damages may be brought by an injured worker or his legal representative against any employer who has failed to comply with ORS 656.017 or is in default under ORS 656.560. Except for the provisions of ORS 656.578 to 656.593 and this section, such noncomplying employer is liable as he would have been if ORS 656.001 to 656.794 had never been enacted.

In holding that under the relevant insurance policy the insurer was liable to the plaintiff for both workers' compensation and employer's liability coverage for the same injury, the Ninth Circuit Court of Appeals noted:

> Under Oregon law an employee injured on the job is normally limited in the damages he can recover to the amount of his [workers' compensation] award. (ORS 656.018 (1967)) Where, however, the injured employee's employer is not covered by [workers' compensation] insurance (a "non–complying employer"), Oregon law provides that the damages such an employee may recover are not limited to the amount of the [workers' compensation] award, but may also include a judgment at common law. (ORS 656.020, 656.002(15) (1967)).

*Standard Dry Kiln Co. v. Bituminous Fire & Marine Ins. Co.,* 479 F.2d 427, 430 n.3 (9th Cir. 1973).

Here it is undisputed that by not obtaining workers' compensation insurance for its Oregon employees, Tri–State was a "noncomplying employer," *see* former Or. Rev. Stat. § 656.005(22), under the Oregon Workers' Compensation Law.[2] Under the Oregon statute, the Oakeses would

---

[2]Tri–State failed to comply with Or. Rev. Stat. § 656.017 and was thus a "noncomplying employer" under former Or. Rev. Stat. § 656.005(22). Or. Rev. Stat. § 656.017 provides in pertinent part: "(1) Every employer subject to this chapter shall maintain assurance with the director that his subject workers and their beneficiaries will receive compensation for compensable injuries as provided by this chapter and that the employer will perform all duties and pay other obligations required of him under this chapter . . ."

have had no right of action against Tri–State but for Tri–State's failure to comply with Oregon's workers' compensation statute. Where an employer has failed to comply with the workers' compensation statute, liability in actions for damages expressly permitted by Oregon's workers' compensation statute in that situation is an "obligation for which the insured . . . may be held liable under [the] workmen's compensation" law. Thus the actions brought by Oakes and his wife, expressly permitted against noncomplying employers under Or. Rev. Stat. § 656.020, are excluded from coverage B by exclusion (b). Therefore, even if Columbia were otherwise liable under coverage B for Tri–State's defense and indemnification in the Oakeses' actions, the policy's exclusionary clause bars its liability in this case.

Given the evidence and all reasonable inferences therefrom resolved in favor of the nonmoving party, the summary judgment in favor of Columbia is upheld as a matter of law.

The judgment is affirmed.

CALLOW and COLEMAN, JJ., concur.