731 P.2d 167 (1987)
LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, Plaintiff-Appellee,
v.
UNITED NATIONAL INSURANCE COMPANY, LTD., a Hawaii corporation, Defendant-Appellant.
No. 11199.
Supreme Court of Hawaii.
January 20, 1987.
*168 Walter Davis (Alan K. Nii with him on briefs; Davis, Reid & Richards, of counsel), Honolulu, for defendant-appellant.
Michael L. Freed (Leslie Ann Hayashi and Donna Gaetano with him on brief), Honolulu, for plaintiff-appellee.
Before LUM, C.J., and NAKAMURA, PADGETT, HAYASHI and WAKATSUKI, JJ.
LUM, Chief Justice.
This is an appeal from the grant of summary judgment to Plaintiff-Appellee Liberty Mutual Insurance Company (Liberty Mutual) and denial of the same to Defendant-Appellant United National Insurance Company (UNICO). The lower court by its action allowed Liberty Mutual, the workers' compensation carrier of the general contractor, to recover from UNICO, the comprehensive liability carrier of the subcontractor, all workers' compensation payments the Director of the Department of Labor and Industrial Relations ordered paid to the subcontractors' injured employee. For reasons set forth below we reverse and remand the case for entry of summary judgment in UNICO's favor.

I.
The material facts of the present case are undisputed. The Napili Point Condominium Project on Maui hired Associated Masons, Ltd. (Contractor) to perform construction work. Contractor subcontracted the rough carpentry and framing part of the job to Coles Pacific, Inc. (Subcontractor). The subcontract agreement required Subcontractor to
indemnify, defend and hold harmless ... Contractor and their agents, servants and employees from all and against all costs, losses and expenses, including attorney's fees, for or arising out of: ... (c) the failure of Subcontractor to provide insurance required hereunder; (d) any and all damages or injuries to persons or property resulting from the performance of Subcontractor's work hereunder[.]
Subcontractor was also required to carry workers' compensation and comprehensive general liability insurance.
Prior to the commencement of construction, Subcontractor purchased general comprehensive liability insurance from UNICO, which provided:
The company will pay on behalf of the insured all sums which the insured, by reason of contractual liability assumed by him under any written contract of the type designated in the schedule for this insurance, shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, and the company shall have the right and the duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage[.] (Emphasis added).
Exclusion (e) of the policy excused UNICO from "any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation ... law[.]" (Emphasis added).
*169 Subcontractor also purchased workers' compensation coverage from Travelers Insurance Company. However, the policy expired before construction was completed.
During the uninsured period, an employee of the Subcontractor, Richard Jameson, was injured when an improperly braced framing wall gave way and fell on him. Jameson brought a workers' compensation claim before the Director of the Department of Labor and Industrial Relations.
The Director found Jameson's injury to be work related and ordered compensation. Subcontractor's insurer, Travelers Insurance Co., denied coverage and asked that the matter be resolved before the insurance commissioner. In order to prevent delay of benefits to Jameson, the Director found Jameson to be an employee of Contractor pursuant to Hawaii Revised Statutes (HRS) § 386-1.[1] He ordered Contractor or its workers' compensation carrier, Liberty Mutual, to pay Jameson's medical and disability benefits, even though Subcontractor was found to be primarily liable and Contractor/Liberty Mutual secondarily liable.
Liberty Mutual then filed suit against Subcontractor seeking to recover all workers' compensation benefits paid to or on behalf of Jameson, general damages sustained by Jameson, attorney's fees and costs. Subcontractor admitted liability by default. The court then held an evidentiary hearing and found Subcontractor to be Jameson's employer and liable to Liberty Mutual for workers' compensation benefits, attorney's fees, and costs.
Without the liability to satisfy the judgment against Subcontractor, Liberty Mutual as Contractor's subrogee brought suit against UNICO. Liberty Mutual asserted that Subcontractor breached its contract with Contractor, and that UNICO was therefore obligated to indemnify Subcontractor. Both parties filed motions for summary judgment. The court granted Liberty Mutual's motion and denied UNICO's. The court subsequently granted Liberty Mutual's motion for entry of final judgment.

II.
Liberty Mutual argues that UNICO's policy applies since Subcontractor is contractually obligated to indemnify Contractor for damages as a result of bodily injury. In contrast, UNICO argues that the duty to pay arose from Subcontractor's obligation under workers' compensation laws, and exclusion (e) thereby prevents application of the policy to the present case. We are thus asked to construe the contract for the parties.
Initially, we approach the terms of the policy "according to their plain, ordinary, and accepted sense in common speech unless it appears from the policy that a different meaning is intended." First Insurance Co. of Hawaii, Inc. v. State, 66 Haw. 413, 424, 665 P.2d 648, 657 (1983). *170 And while ambiguities may be resolved in the insured's favor, this court will only find ambiguity where the policy, "taken as a whole, is reasonably subject to differing interpretation[s]." Hawaiian Insurance & Guaranty Co. v. Chief Clerk of the First Circuit Court, 68 Haw. ___, ___, 713 P.2d 427, 431 (1986) (quoting Modern Construction, Inc. v. Barce, Inc., 556 P.2d 528, 529 (Alaska 1976) (footnote omitted)).
We are not persuaded by Liberty Mutual's argument. We hold that Subcontractor's obligation to pay Liberty Mutual arose out of the former's obligation to pay workers' compensation benefits to Jameson. Subcontractor's obligation falls squarely within exception (e) of the policy. As a beneficiary of Subcontractor's policy, Contractor's subrogee, Liberty Mutual, is only entitled to benefits accruing to Subcontractor. It can assert no greater contractual rights under the policy than those available to the Subcontractor. See Medeiros v. First Insurance Co. of Hawaii, Ltd., 50 Haw. 401, 404, 441 P.2d 341, 343 (1968). Liberty Mutual is therefore without recourse under the policy.
Nevertheless, Liberty Mutual argues that its suit changes the character of the obligation to a contractual one. It cites CM, Inc. v. Canadian Indemnity Co., 635 F.2d 703 (8th Cir.1980) to support this position. The exclusionary clause in CM, Inc., applied to "liability imposed upon the Insured." The court found this exclusion did not apply to liability imposed upon a third party, for which the insured became liable. Id. at 707. In the instant case, exclusion (e) expressly applies to "any obligation for which the insured or any carrier as his insurer may be held liable". (Emphasis added). Thus, the exclusion expressly provides for liability imposed by a third party.
The two other cases cited by Liberty Mutual, Utica Mutual Insurance Co. v. Central Vermont Railway, Inc., 133 Vt. 292, 336 A.2d 200 (1975), and American Insurance Co. v. National-wide Mutual Insurance Co., 110 N.H. 192, 270 A.2d 907 (1970), are also inapposite. Although the exclusionary language in both of these cases is similar to the present case, they involved separate negligence actions apart from workers' compensation claim. The exclusion of workers' compensation claims was thus held not to apply. Here, Liberty Mutual's claims are a direct result of the workers' compensation afforded Jameson.
Moreover, the obligation to hold Contractor's insurer liable is consonant with the intent of HRS § 386-1. See supra note 1. The statute, by staggering the obligation to pay workers' compensation, places primary responsibility on the subcontractor for obtaining appropriate coverage. Stand.Comm.Rep. No. 334, in 1963 Senate Journal at 789; cf. Washington Metropolitan Area Transit Authority v. Johnson, 467 U.S. 925, 937 n. 11, 104 S.Ct. 2827, 2834 n. 11, 81 L.Ed.2d 768, 779 n. 11 (1984) (discussing similar state statutes). Extending contract insurance policies to cover workers' compensation claims would frustrate the aims of the statute as it would encourage subcontractors to rely on contractors' workers' compensation insurance.

III.
Since we find for the Appellant, we need not reach the other errors raised on appeal. The judgment of the lower court is reversed. Summary judgment shall be entered for appellant. Carrier v. Hawaii Insurance Guaranty Ass'n, 68 Haw. ___, ___, 721 P.2d 1236, 1239 (1986). See generally 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, Civil § 2720 (1983).
Reversed and remanded for entry of judgment not inconsistent with this opinion.
NOTES
[1] "Employee" is defined for purposes of the workers' compensation law as:

"Employee" means any individual in the employment of another person.
Where an employee is loaned or hired out to another person for the purpose of furthering the other person's trade, business, occupation, or profession, the employee shall, beginning with the time when the control of the employee is transferred to the other person and continuing until the control is returned to the original employer, be deemed to be the employee of the other person regardless of whether the employee is paid directly by the other person or by the original employer. The employee shall be deemed to remain in the sole employment of the original employer if the other person fails to secure compensation to the employee as provided in section 386-121.
Whenever an independent contractor undertakes to perform work for another person pursuant to contract, express of implied, oral or written, the independent contractor shall be deemed the employer of all employees performing work in the execution of the contract, including employees of the independent contractor's subcontractors and their subcontractors. However, the liabilities of the direct employer of an employee who suffers a work injury shall be primary and that of the others secondary in their order. An employer secondarily liable who satisfies a liability under this chapter shall be entitled to indemnity against loss from the employer primarily liable. (Emphasis added).
HRS § 386-1 (1985).