Charles O. WEGER, individually and as assignee of Pat O'Neal and Paul O'Neal, d/b/a Craftmaster Interiors, Plaintiff–Appellant and Cross–Appellee,

v.

UNITED FIRE AND CASUALTY COMPANY, Defendant–Appellee and Cross–Appellant.

No. 89CA1171.

Colorado Court of Appeals, Div. VI.

July 5, 1990.

John Shanley and Robert N. Trunk, Pueblo, for plaintiff-appellant and cross-appellee.

Rothgerber, Appel, Powers & Johnson, Franklin D. O'Loughlin and Brian J. Spano, Denver, for defendant-appellee and cross-appellant.

Opinion by Judge SILVERSTEIN *.

Plaintiff, Charles O. Weger, appeals from a summary judgment entered in favor of defendant, United Fire and Casualty Company (United). United cross-appeals. We affirm.

The underlying facts are essentially undisputed. Weger was injured in the course and scope of his employment with Craftmaster Interiors, which did not have workmen's compensation insurance. Therefore, plaintiff sued Craftmaster for negligence. Craftmaster had a general business liability policy with United and asked United to defend the action. United denied liability and refused to defend.

That action was settled. As part of the settlement agreement, Craftmaster assigned to plaintiff "any rights they may have to indemnification or any other rights under any insurance policy—which does or may provide coverage for the liability which they have incurred in this action."

Proceeding pursuant to the assignment, plaintiff brought this action, claiming that United is liable under the terms of its policy with Craftmaster. The trial court ruled to the contrary, and we agree with its holding.

In denying liability, United relied on an exclusionary clause (Exclusion 9) in the policy which provides:

"This policy does not apply ... 9. to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law."

Plaintiff, however, asserted that the policy was vague and ambiguous. He relied on another exclusionary clause (Exclusion 10) which states:

"This policy does not apply ... 10. to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligations of the insurers to indemnify another because of damages arising out of such an injury; but this exclusion does not apply to liability assumed by the insured under an incidental contract."

## I.

In ruling on the motion, the trial court found "as a matter of law, that the contract, read as a whole, and the exclusion section in particular, is unambiguous and unequivocal." We agree.

The rules of construction applicable to other contracts are applicable to insurance contracts. *Commercial Union Insurance Co. v. State Farm Fire & Casualty*, 546 F.Supp. 543 (D.Colo.1987). When an insurance contract is unambiguous, a court should not rewrite it to arrive at a strained construction. *Republic Insurance Co. v. Jernigan*, 753 P.2d 229 (Colo.

---

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

1988). Furthermore, a disagreement between the parties as to the interpretation of a contract does not of itself create an ambiguity. *In re May*, 756 P.2d 362 (Colo. 1988).

■ Plaintiff contends that the provision in Exclusion 10, namely: "this exclusion does not apply to liability assumed by the insured under an incidental contract," creates an ambiguity, and nullifies United's claimed exemption from liability. However, the quoted exception is not pertinent here.

In interpreting a similar clause, the Alaska supreme court, in *Olympic Inc. v. Providence Washington Insurance Co.*, 648 P.2d 1008 (Alaska 1982) stated: "Because 'liability assumed by contract' refers to a particular type of contract—a hold harmless or indemnification agreement—and not to the liability that results from breach of contract, the contractual liability exclusion applies to hold harmless agreements." We agree with this interpretation.

Further, in *Senn v. American States Insurance Co.*, 55 Or.App. 592, 639 P.2d 1281 (1982), *review denied*, 292 Or. 825, 648 P.2d 849 (1982), a case concerning facts and procedures similar to those here, including a similar policy exclusion, the court stated:

"Plaintiff did not allege and has not demonstrated that the insured's liability to her arose from or was based on [a contract] in addition to or instead of the insured's negligence. She cannot now rely on the contractual liability exception to the policy's exclusion of coverage for injuries to employees."

So here, plaintiff's claim was premised solely on his employer's negligence and since no contract issue was presented in the trial court, it cannot be raised here. *Alzado v. Blinder, Robinson & Co.*, 752 P.2d 544 (Colo.1988). Thus, Exclusion 10 has no application to this case, and no ambiguity exists.

## II.

■ Conversely, Exclusion 9 is applicable here and precludes any liability against United.

Although this case is an issue of first impression in Colorado, other states have treated the issue and have ruled that similar exclusionary provisions in general business liability policies apply to work-related injuries to employees whose employers have not complied with applicable workers' compensation acts.

A leading case is *Tri–State Construction, Inc. v. Columbia Casualty Company/CNA*, 39 Wash.App. 309, 692 P.2d 899 (1984). There, as here, a worker received an on-the-job injury, his employer had not complied with the workers' compensation act, and the employee brought a negligence action against the employer. The suit was settled and the employer brought a declaratory judgment action against its liability insurer. Based on a similar exclusion clause, summary judgment was entered in favor of the insurance company.

The *Tri–State* court found no ambiguity and stated:

"It is undisputed that by not obtaining workers' compensation insurance for its Oregon employees, Tri–State was a noncomplying employer ... [T]he [employee] would have no right of action against Tri–State but for Tri–State's failure to comply with [the] workers compensation statute. Where an employer has failed to comply with the workers' compensation statute, liability in actions for damages expressly permitted by [the] workers compensation statute in that situation is an obligation for which the insured ... may be liable under [the] workmen's compensation law."

*Accord Liberty Mutual Insurance Co. v. United National Insurance Co., Ltd.*, 69 Haw. 37, 731 P.2d 167 (1987). *See also Producers Diary Delivery Co., Inc. v. Sentry Insurance Co.*, 41 Cal.3d 903, 226 Cal. Rptr. 558, 718 P.2d 920 (1986). We agree with the trial court that Exclusion 9 controls here and is unambiguous. Thus, under the terms of the policy, United has no liability.

## III.

Plaintiff's other contention is not supported by the record. And, because of our

resolution of the foregoing issues, we do not address the issue raised in the cross-appeal.

Judgment affirmed.

STERNBERG, C.J., and NEY, J., concur.