950 P.2d 1214 (1998)
87 Hawai`i 14
Eugene A. MENDES, Sr., Special Administrator of the Estate of Mary A. Mendes, Deceased, Plaintiff-Appellant,
v.
HAWAII INSURANCE GUARANTY ASSOCIATION, Doe Persons 1-10; Doe Partnerships 1-10, Roe "Non-Profit" Corporations 1-10, and Roe Governmental Entities 1-10, Defendants-Appellees.
No. 19932
Supreme Court of Hawai`i.
February 11, 1998.
*1215 Valta A. Cook and Robert K. Allen, on the briefs, Hilo, for plaintiff-appellant.
Daryl M. Arakaki of Matsui Chung Sumida & Chang, on the briefs, for defendant-appellee.
*1216 Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.
NAKAYAMA, Justice.
Plaintiff-appellant Mary A. Mendes[1] appeals from the circuit court's dismissal of her complaint against Defendant-appellee Hawaii Insurance Guaranty Association (HIGA). Because the circuit court erred in granting HIGA's motion to dismiss with respect to count I of Mendes's complaint, we vacate the resulting judgment in part and remand for further proceedings. We affirm all other aspects of the circuit court's judgment.

I. BACKGROUND

On August 21, 1990, Mendes was injured in an automobile accident. On December 18, 1992, Mendes settled with the responsible driver's insurance companies and received $70,000 in general damages. At the time of her accident, Mendes had an automobile insurance policy in effect with the Hawaii Insurance Group (HIG). Coverage was provided under this policy by the Hawaii Underwriters Insurance Company (HUI). Mendes's policy with HIG/HUI provided for $105,000 in underinsured motorist (UIM) benefits.
On December 22, 1992, Mendes informed HIG/HUI that she intended to seek underinsured motorist benefits under her policy because the damages incurred as a result of her injuries were in excess of the settlement amount. On January 20, 1993, HUI was declared insolvent. Pursuant to Chapter 431, Article 16 of the Hawai`i Revised Statutes (HRS), HIGA assumed the obligations of HIG/HUI with respect to Mendes's claim. Mendes and HIGA engaged in settlement negotiations, but were unable to reach an agreement on Mendes's UIM claim. On December 6, 1995, Mendes filed a three-count complaint against HIGA.
Count I of Mendes's complaint sought underinsured motorist benefits from HIGA, on the grounds that it was responsible for claims brought against the defunct HIG/HUI. Count II of the complaint charged that HIGA was liable for a breach of its duty of good faith and fair dealing and was liable in tort to Mendes. Count III of the complaint alleged tortious breach of contract against HIGA for its handling of Mendes's claim.
On April 1, 1996, HIGA filed a motion to dismiss or, in the alternative, for summary judgment on Mendes's complaint. HIGA's motion characterized Count I of the complaint as a breach of contract claim and argued that HIGA was entitled to judgment in its favor because it did not have a contractual relationship with Mendes. HIGA further argued that counts II and III were barred by the statutory immunity contained in HRS § 431:16-116 (1993).[2] HIGA's motion also requested that Mendes's UIM claim, if deemed to be a covered claim, be submitted to arbitration, based on the HIG/HUI policy.
On April 26, 1996, Mendes filed a motion for leave to file amended complaint. Mendes sought to amend her complaint to add two additional counts. These counts would have alleged severe emotional distress because of HIGA's "extreme and outrageous conduct" and negligent infliction of emotional distress by HIGA.
By order filed May 17, 1996, the circuit court granted HIGA's motion to dismiss, denied Mendes's motion to amend complaint, and entered final judgment against Mendes on her claims. The court concluded that:
1. The complaint, filed on December 6, 1995, does not state claims which may be prosecuted against HIGA.
2. Plaintiff Mary Mendes does not have a contractual relationship with defendant HIGA, and therefore cannot pursue claims for breach of contract, "bad faith," or tortious breach of contract.

*1217 3. Plaintiff Mary Mendes is barred by HRS Section 431:16-116 from pursuing claims against HIGA for "bad faith" and tortious breach of contract.
In denying Mendes's motion to amend complaint, the court ruled that "[t]he two additional claims which plaintiff seeks to add by way of an amended complaint would be barred by [HRS §] 431:16-116. The amendment, therefore, would be futile."
Mendes timely appealed. On appeal, Mendes argues that: (1) a contractual relationship exists between herself and HIGA because the statute delegates HIG/HUI's duties to HIGA; (2) HIGA is not immunized from liability for tortious conduct; and (3) the trial court abused its discretion in denying her motion to amend the complaint.

II. DISCUSSION

A. Standard of Review

"Pursuant to the right/wrong standard, a conclusion of law is not binding upon the appellate court and is freely reviewable for its correctness." State v. Soto, 84 Hawai`i 229, 236, 933 P.2d 66, 73 (1997). "Though pleadings should be construed liberally and not technically and a motion to dismiss for failure to state a claim should rarely be granted, a complaint may be dismissed if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to relief." Bertelmann v. Taas Assocs., 69 Haw. 95, 98, 735 P.2d 930, 933 (1987) (citation omitted).
This case requires us to interpret HRS Chapter 431, Article 16. We review statutes de novo. Shimabuku v. Montgomery Elevator Co., 79 Hawai`i 352, 357, 903 P.2d 48, 52 (1995). "The starting point in statutory construction is to determine the legislative intent from the language of the statute itself." State v. Kaakimaka, 84 Hawai`i 280, 289, 933 P.2d 617, 626, reconsideration denied, 84 Hawai`i 496, 936 P.2d 191 (1997). "[O]ur foremost obligation [when interpreting a statute] is to ascertain and give effect to the intention of the legislature, which is obtained primarily from the language contained in the statute itself." State v. Aluli, 78 Hawai`i 317, 320, 893 P.2d 168, 171 (1995) (citation omitted). We read statutory language in the context of the entire statute "and construe it in a manner consistent with its purpose." Mathewson v. Aloha Airlines, Inc., 82 Hawai`i 57, 71, 919 P.2d 969, 983 (1996) (citation and internal quotation marks omitted).

B. Count I States a Claim Based on HIGA's Statutory Obligation to Pay Covered Claims

HIGA is a non-profit, unincorporated legal entity created by HRS Chapter 431, Article 16. HIGA's purpose is "to provide a mechanism for the payment of covered claims under insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer." HRS § 431:16-102 (1993).
Pursuant to HRS § 431:16-108 (1993), HIGA shall:
(1) Be obligated to the extent of the covered claims[3] existing prior to the determination of insolvency, which the insolvent insurer would have been legally obligated to pay but for its insolvency[.]
(2) Be deemed the insurer, but only to the extent of its obligation on covered claims and to that extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent[.]
. . .
(4) Investigate claims brought against the association and adjust, compromise, settle and pay covered claims to the extent of the association's obligation[.]
HIGA, as a statutorily created entity, has been delegated a limited obligation to address covered claims of insolvent insurance *1218 companies. This obligation is not coextensive with HIG/HUI's obligations under its contracts. It is unnecessary for this court to determine whether a contractual relationship exists between Mendes and HIGA. While count I of Mendes's complaint could be read as a breach of contract claim, it clearly also states a claim directly grounded in HIGA's statutory duties imposed by HRS § 431:16-108.
Count I of Mendes's complaint alleges, in pertinent part, that:
23. On or about January 20, 1993, HIGA, as the State's guaranty agency, became responsible for the processing and payment of claims arising under policies issued by HUI.
24. HIGA, as the State's guaranty provider, is liable to Plaintiff for payment of her claim under the same terms and in the same manner as provided under coverage provided by HUI.... See, Haw.Rev.Stat. § 431:16-108.
. . .
Plaintiff Mary A. Mendes asks for judgment against [HIGA] for her general and special damages in excess of the $70,000 received from [responsible driver], an underinsured tortfeasor.
"[P]leadings should not be construed technically when determining what the pleader is attempting to set forth but should be construed liberally so as to do substantial justice." Henderson v. Professional Coatings Corp., 72 Haw. 387, 395, 819 P.2d 84, 92 (1991) (citation omitted). We construe Mendes's complaint as stating a claim against HIGA grounded in its statutory duty to pay covered claims.
We have previously recognized that HIGA "is obligated to cover unpaid claims in excess of $100 but less than $300,000 which arise out of and are within the coverage of an insurance policy issued by an insurer who was authorized to transact insurance in [Hawai`i] when the policy was issued ... and is later declared insolvent by a court of competent jurisdiction." Villagonza v. Hawaii Ins. Guar. Ass'n, 70 Haw. 406, 408, 772 P.2d 1193, 1195 (1989). In Carrier v. Hawaii Ins. Guar. Ass'n, 68 Haw. 545, 721 P.2d 1236 (1986), we held that HIGA was obligated to pay attorneys' fees due under the terms of the insurance contract between the insured and the insolvent insurer. This was despite the fact that the total obligation of HIGA was in excess of the policy limits under the policy. We held that "HIGA was essentially placed in the shoes of [the insolvent insurer] to the extent of `covered claims.'" Carrier, 68 Haw. at 547, 721 P.2d at 1237.
In Villagonza and Carrier, we implicitly recognized what we now make explicit: that HIGA is amenable to suit for the limited purpose of compelling it to perform its statutory duty to deal with covered claims of insolvent insurers. Therefore, the circuit court erred in granting HIGA's motion to dismiss with respect to count I of Mendes's complaint.
Because the circuit court granted HIGA's motion to dismiss, no evaluation has been made as to whether Mendes's claim is a "covered claim," or whether HIG/HUI would have been legally obligated to pay UIM benefits. We express no opinion regarding these matters. However, for the purpose of evaluating HIGA's motion to dismiss, we must accept Mendes's allegations as true. Mendes's complaint alleges that she has incurred damages in excess of the bodily injury liability insurance coverage of the responsible driver. Under the facts as alleged, Mendes may meet the definition of an "underinsured motorist," as set out in HRS § 431:10C-103(22) (1993). HIGA does not allege any grounds in support of the motion to dismiss apart from the lack of a contractual relationship. Therefore, we hold that it was error for the circuit court to dismiss count I of Mendes's complaint. We must now address the effect on Mendes's additional claims of HIGA's immunity from suit conferred by HRS § 431:16-116.

C. HRS § 431:16-116 Bars Counts II, III and the Claims Contained in Mendes's Proposed Amended Complaint

HRS § 431:16-116 (1993) states that "[t]here shall be no liability on the part of and no cause of action of any nature shall arise against ... the association or its agents or employees ... for any action taken by *1219 them in the performance of their powers and duties under this part." HIGA argues that this section immunizes it against Mendes's claims of bad faith (count II), tortious breach of contract (count III), and those claims contained in Mendes's proposed amended complaintsevere emotional distress because of HIGA's "extreme and outrageous conduct" and negligent infliction of emotional distress.[4] We agree.
All four of these alleged claims for relief are based on actions of HIGA, through its agents and employees, in addressing Mendes's claim for UIM benefits. The obligation of HIGA to cover any portion of Mendes's UIM claim deemed to be enforceable against HIG/HUI is within the powers and duties of HIGA. HRS § 431:16-108. Mendes's claims based on alleged bad faith actions of HIGA's employees, tortious breach of contract, or emotional distress caused to Mendes, arose from actions taken by HIGA in the performance of its statutory duty to investigate, adjust, compromise, settle, and pay covered claims imposed pursuant to HRS § 431:16-108(a)(4). Under the plain language of HRS § 431:16-116, these four claims are barred.
In Best Place Inc. v. Penn. America Ins. Co., 82 Hawai`i 120, 123-24, 920 P.2d 334, 337-38 (1996), we recognized that "every contract contains an implied covenant of good faith and fair dealing." In that case, we were "persuaded that there are sound reasons for recognizing a cause of action in tort for breach of the implied covenant of good faith and fair dealing in the insurance context." Id. at 132, 920 P.2d at 346. While the tort of first-party bad faith is recognized in Hawai`i pursuant to Best Place, we discern a rational basis for the legislature to forbid these claims against HIGA.
HIGA is not a traditional, for-profit insurance company. It is a non-profit entity, created by statute to provide protection for consumers in the event that a Hawai`i insurer becomes insolvent. The costs of operation of HIGA are recouped from the member insurers by means of a premium surcharge, pursuant to HRS § 431:16-115(a). Therefore, all expenses of HIGA fall on the general public as an additional expense. The legislature has therefore made a policy determination to limit HIGA's exposure to liability for its handling of covered claims. Where the unambiguous language of the statute mandates a particular result, we are bound to follow it.

III. CONCLUSION

For the above reasons, we vacate in part the circuit court's judgment dismissing count I of Mendes's complaint and remand for further proceedings. We affirm the dismissal of counts II and III of Mendes's complaint and affirm the circuit court's order denying Mendes's motion to amend her complaint.
NOTES
[1] After the notice of appeal was filed on June 17, 1996, Mary A. Mendes died on August 21, 1996, and Eugene A. Mendes, Sr., special administrator of the estate of Mary Mendes, was substituted as the appellant.
[2] This section states, in relevant part, that "[t]here shall be no liability on the part of and no cause of action of any nature shall arise against... [HIGA] or its agents or employees ... for any action taken by them in the performance of their powers and duties under this part."
[3] HRS § 431:16-105(5) defines a "covered claim" in relevant part as:

[A]n unpaid claim ... which arises out of and is within the coverage and is subject to the applicable limits of an insurance policy to which this part applies issued by an insurer, if such insurer becomes an insolvent insurer after July 1, 1988.... Covered claim shall not include any amount awarded as punitive or exemplary damages[.]
[4] HIGA does not allege that HRS § 431:16-116 bars count I of Mendes's complaint.