**Jeremy JOHNSON and Kim Johnson, Plaintiffs,**

v.

**Dave MARCINIAK, d/b/a Dave's Electric, Defendant,**

v.

**Grinnell Mutual Reinsurance Company, Garnishee.**

No. A3–99–153.

United States District Court,
D. North Dakota,
Southeastern Division.

Nov. 22, 2002.

Duane A. Lillehaug, Lee Hagen Law Office, Ltd., Fargo, ND, for Plaintiffs.

Patrick W. Fisher, Fisher & Olson, LTD, Grand Forks, ND, Charles A. Stock, Johannson Rust Fagerlund Yon & Stock, P.A., Crookston, MN, John P. Dosland, Ohnstad Twichell, West Fargo, ND, for Defendants/Cross–Defendants.

Charles A. Stock, Johannson Rust Fagerlund Yon & Stock, P.A., Crookston, MN, for Garnishee.

John P. Dosland, Ohnstad Twichell, West Fargo, ND, Patrick W. Fisher, Fisher & Olson, Ltd., Grand Forks, ND, for Cross–Claimants.

## MEMORANDUM AND ORDER

WEBB, Chief Judge.

### I. Introduction

Before the Court is a motion for partial summary judgment submitted by plaintiffs Jeremy and Kim Johnson ("Johnson")(doc.

# 53) and a motion for summary judgment submitted by garnishee Grinnell Mutual Reinsurance Company ("Grinnell")(doc. # 56). For the reasons articulated below, Grinnell's motion for summary judgment is GRANTED, and Johnson's partial motion for summary judgment is DENIED.

## II. Facts

Jeremy Johnson, a public school teacher in southern California, on summer vacation returned home to Drayton, North Dakota to work with Dave Marciniak, an electrical contractor doing business as Dave's Electric ("Dave's"). Dave's business would peak in the summer months, and he would sometimes hire summer help like Johnson to assist with the increased workload. Johnson typically worked six to eight hours per day, had no set hours, and could take time off when needed.

On July 28, 1999, Dave's was installing electrical fixtures in the Transystems building [1] on the grounds of the American Crystal Sugar Company factory in Drayton. Johnson fell approximately sixteen feet from a catwalk located in an attic area of the Transystems building. Johnson landed on the concrete floor and suffered fractures of his wrist and heel.

At the time of the accident, Dave's did not have workers compensation coverage as required by the State of North Dakota. Thus, Johnson did not receive workers compensation benefits for his injuries. To recover for his injuries, Johnson brought suit against Dave's, Transystems, and American Crystal Sugar. Johnson settled with all defendants, and entered into a

Miller–Shugart agreement [2] with Dave's which resulted in entry of a judgement in the amount of $85,000 against Dave's. The present garnishment action followed. The present action relates to Dave's insurance company, Grinnell Mutual's, denial of coverage under the business liability policy.

Grinnell Mutual denied coverage because Dave's policy contained a "workers compensation" exclusion. Under the terms of Dave's policy, "any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law" is excluded from coverage. In addition to its denial based on the workers compensation exclusion, Grinnell Mutual also denied coverage because of the "employee" exclusion.[3] The Court is now presented with the question of whether the exclusion applies to the case at bar.

## III. Discussion

As mentioned above, Dave's policy contained a "workers compensation" exclusion, which excluded from coverage "any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law." Johnson suggests the simple answer, here, is that he did not receive any workers compensation benefits. However, Grinnell counters that the policy excludes "obligations" under a workers compensations law. Dave's had the obligation to procure workers compensation coverage, and as a non-complying employer Dave's

---

**1.** Transystems, Inc. was a trucking firm which leased a building from American Crystal Sugar Company.

**2.** A settlement in which an insured consents to a judgment in favor of the plaintiff, on the condition that the plaintiff will satisfy the judgment only out of proceeds from the insured's policy, and will not seek recovery

against the insured personally. See Black's Law Dictionary 1008 (7th ed.)(citing *Miller v. Shugart,* 316 N.W.2d 729 (Minn.1982)).

**3.** The Court finds it unnecessary to address the employee exclusion as the workers compensation exclusion provides sufficient reason for Grinnell to deny Dave's claim.

exposed itself to a civil action by Johnson for personal injury. The workers compensation clause precludes coverage for liability derived from an obligation which should have been handled by a workers compensation claim.

Johnson responds that the exclusion applies to any claim under a workers compensation claim and it does not apply to a claim that might, may or should be covered by workers compensation. Johnson argues that the North Dakota Supreme Court would draw the exclusion narrowly, consistent with opinions in Massachusetts and New Jersey. *Johnson v. Center Mut. Ins. Co.*, 529 N.W.2d 568, 570 (N.D.1995)(declaring that exclusions are to be narrowly construed in favor of coverage); *Rose v. Franklin Surety Co.*, 281 Mass. 538, 183 N.E. 918 (1933); *Hunt v. Hospital Service Plan of New Jersey*, 33 N.J. 98, 162 A.2d 561 (1960). In those cases, the courts concluded that workers compensation benefits must actually be paid before the exclusion applies.

The Court finds compelling the case, *Weger v. United Fire & Casualty*, 796 P.2d 72 (Co.App.1990). In Weger, as in this case, an employee received an on-the-job injury and his employer had not complied with the state workers compensation act. *Id.* at 73. The employee brought an action against his employer for negligence, the suit was settled, and the employer brought a declaratory judgment action against its liability insurer. *Id.* The Weger court had before it an identical workers compensation exclusion clause, and it concluded, citing extensive case law, that the clause unambiguously applied and excluded coverage. *Id.* at 74. (citing *Tri–State Construction, Inc. v. Columbia Casualty Co./ CNA*, 39 Wash.App. 309, 692 P.2d 899

(1984); *Liberty Mutual Ins. Co. v. United National Ins. Co., Ltd.*, 69 Haw. 37, 731 P.2d 167 (1987); *Producers Dairy Delivery Co., Inc. v. Sentry Ins. Co.*, 41 Cal.3d 903, 226 Cal.Rptr. 558, 718 P.2d 920 (1986)).

The Court disagrees with Johnson that the North Dakota Supreme Court would concluded that workers compensation benefits must actually be paid before the exclusion applies. The Supreme Court of North Dakota strictly enforces the statutory scheme making workers compensation benefits the exclusive remedy against an employer for injuries sustained in the course of employment. See *Stuhlmiller v. Nodak Mutual Ins. Co.*, 475 N.W.2d 136, 138 (N.D.1991). It was Dave's obligation to acquire workers compensation coverage. See N.D. Cent.Code § 65–01–08 (1999). Dave's should not be rewarded for failure to obey workers compensation law. Johnson's cause of action against Dave's was made possible only because of the failure to obtain workers compensation insurance. The policy clearly excluded obligations under workers compensation; if Dave's would have obtained workers compensation this claim would be barred.

■ Johnson argues in the alternative that if the workers compensation exclusion applies, then the policy as a whole is ambiguous. Johnson claims the workers compensation exclusion would conflict with the temporary worker exception to the employee exclusion.[4] However, Grinnell argues and the Court agrees, that the employee and workers compensation exclusions are not conflicting. Contrary to Johnson's contention, the exclusions work together. For instance, if Dave's was not required to obtain workers compensation

4. "Employees" are excluded from coverage under the terms of Dave's policy. As defined in the policy, the term employee includes all persons working for the insured who are not

"temporary workers." Thus, temporary workers are excepted from the employee exclusion.

coverage for a temporary employee, liability coverage would be provided under the policy. On the other hand, if Dave's was required to obtain workers compensation coverage, then liability coverage is not provided.

Thus, regardless of the Court's interpretation of the temporary worker exception to the employee exclusion, the workers compensation exclusion bars Johnson's recovery. Grinnell had no duty to defend Dave's in the underlying action because the allegations in Johnson's complaint did not give rise to potential liability or the possibility of coverage under the policy. Grinnell's motion for summary judgment is GRANTED. Johnson's motion for partial summary judgment and request for attorney's fees is DENIED.

IV. Conclusion

Summary judgment should be GRANTED in favor of Grinnell Mutual (doc. # 56), and DENIED for Johnson (doc. # 53).

IT IS SO ORDERED.